```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MONA ARLENE BOWSER              :    CIVIL ACTION
                                :
          v.                    :
                                :
BOROUGH OF BIRDSBORO, et al.    :    NO. 11-598
```

MEMORANDUM

McLaughlin, J.                                September 26, 2011

The plaintiff brought this action against Sergeant Seth Reigel in his individual and official capacities under 42 U.S.C. § 1983, alleging violations of her constitutional rights and asserting state-law claims for assault, battery, intentional infliction of emotional distress, conversion, invasion of privacy, and violations of due process under the Pennsylvania Constitution. She also asserted that the Borough of Birdsboro ("Birdsboro") was liable as a municipality for failure to train and supervise its police officers and under a theory of supervisory liability.

The defendants moved to dismiss, asserting that the plaintiff's Section 1983 claims are time-barred; that the plaintiff fails to state a claim for false arrest; that in the absence of an underlying constitutional violation, the claims against Birdsboro must fail; that Reigel is entitled to qualified immunity; that the plaintiffs state-law allegations are time-barred and fail to state a claim; and that the plaintiff's claims

under the Pennsylvania Constitution are not recognizable under state law.

The plaintiff was granted leave to amend her complaint, and filed an Amended Complaint adding allegations that her attorney at the criminal trial did not provide her with certain documents that she had requested. The defendants renewed their motion to dismiss. The Court will grant the defendants' motion and will dismiss the Section 1983 claims against Reigel and Birdsboro with prejudice. The Court will dismiss the state-law claims without prejudice.

I.  Facts

Mona Arlene Bowser filed the instant action on January 27, 2011, seeking relief for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983.[1] The plaintiff alleged that she was falsely arrested in violation of her rights under the Fourth and Fourteenth Amendments and was also subject to malicious prosecution when she was arrested in April 2008 and charged with numerous counts of violation of 18 Pa. Cons. Stat. § 4905(a) (providing false alarms to agencies of public safety) and 18 Pa. Cons. Stat. § 4906(b)(1) (providing

---

[1] The plaintiff also purports to assert claims pursuant to 42 U.S.C. § 1988; however, this provision does not create any substantive rights, rather it grants the Court discretion to award attorney's fees to the prevailing party in a § 1983 action. Accordingly, the Court will not address this claim.

false reports to law enforcement authorities).  The plaintiff asserted a <u>Monell</u> claim against the Borough of Birdsboro for its failure to supervise and train its police officers and a claim for supervisory liability against an unnamed individual.

The plaintiff was arrested on April 1, 2008, for making false reports to law enforcement authorities.  On seven separate occasions, the Berks County Communications Center received a call from a female complainant requesting assistance at the same residence for a variety of reasons, including claims that the caller's ex-boyfriend was trying to break in and that the caller had been raped and there was a man holding a gun across from her.  On each of the seven occasions, Reigel responded to the residence only to be met by the resident, Susan Lynn Morris, who informed him that she had not called 911 and that there were no issues at her home.  Compl. ¶ 9.

As a result of receiving these calls, Reigel obtained the recordings of the calls in order to identify the caller.  Reigel played these recordings to Ms. Morris who identified the plaintiff, a person with whom she was familiar, as the caller.  Based on this identification and additional information, an arrest warrant was obtained for the plaintiff and she was arrested on April 1, 2008.  On April 29, 2008, the plaintiff waived a preliminary hearing in the criminal case, and on January

30, 2009, was found not guilty on all of the charges. Compl. ¶ 8.

The plaintiff further alleges that she made numerous attempts to obtain information regarding the police department's investigation into the alleged crimes. However, her attorney did not provide the requested discovery. The plaintiff contends that she did not learn of the nature or scope of defendants' investigation until her two-day trial. Mem. in Supp. of Pl.'s Resp. to Defs.' Mot. 5-7.

## II. Discussion

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true, and must construe the complaint in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). When evaluating a motion to dismiss, the court should disregard any legal conclusions. The court must then determine whether the facts alleged are sufficient to show that the plaintiffs have a "plausible claim for relief." Fowler, 578 F.3d at 210. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2008). Further, where a complaint on its face demonstrates noncompliance with the applicable statute of limitations, a

motion to dismiss on that ground should be granted. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (noting the facial noncompliance exception to the Rule 8(c) prohibition on asserting statute-of-limitations defenses in motions to dismiss).

    A.    Section 1983 Claims: Statute of Limitations

The statute of limitations for any claim asserted under 42 U.S.C. § 1983 is the forum state's limitations statute for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); see also Sameric Corp v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, that period is two years. 42 Pa. Cons. Stat. § 5524. In civil rights cases, the statute begins to run from the time the plaintiff knew or should have known of the alleged injury upon which the action is based. Sameric Corp., 142 F.3d at 599. "A plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." Kronisch v. United States, 150 F.3d 112, 121 (3d Cir. 1998). For claims of false arrest and false imprisonment under Section 1983, the two-year statute of limitations begins to run from the date when legal process is initiated against a plaintiff, i.e., "when he appeared before the examining

magistrate and was bound over for trial." Wallace v. Kato, 549 U.S. 384, 391 (2007). The plaintiff waived her right to a preliminary hearing on May 2, 2008. She did not bring this action until nine months after the two year period expired.

The fact that the criminal matter was pending until January 30, 2009, does not change the analysis. Heck v. Humphrey, 512 U.S. 477 (1994), does not act as a bar to claims of false arrest and false imprisonment during the pendency of the underlying criminal matter. See Wallace v. Kato, 549 U.S. 384 (2007). Thus, the limitations period for the plaintiff's Section 1983 claims expired on May 2, 2010, before the filing of her initial complaint. The Court will therefore dismiss the plaintiff's claims under Section 1983 with prejudice because they are time-barred.

    B.   Section 1983 Claims: Failure to State a Claim

Even if the Court were to find that the plaintiff's claims against Reigel and Birdsboro were not time-barred, the complaint fails to state a claim on which relief can be granted. To prevail against a municipality under Section 1983, a plaintiff must demonstrate that the municipality caused the violation of his or her constitutional rights through the implementation of a municipal policy or custom. Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978). To state a claim for supervisory liability under Section 1983, a plaintiff must "identify specifically" the

conduct of a supervisor demonstrating "deliberate indifference" to the risk that constitutional rights would be violated, and show a "close causal relationship between the identified deficiency and the ultimate injury." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Because the plaintiff has not demonstrated that her constitutional rights were violated, these claims fail as a matter of law.

The Fourth Amendment prohibits arrests absent probable cause. Probable cause to arrest exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

The plaintiff's allegations that the warrant for her arrest was based solely on bare accusations by Ms. Morris is belied by the record. Reigel responded to seven calls reporting various emergencies at Ms. Morris' residence including rape and the presence of a male with a gun. On each occasion, he arrived only to learn that no emergency existed and no crimes had been committed or attempted. After responding to these calls, Reigel obtained the recordings of each of these calls and played them for Ms. Morris. Ms. Morris identified the plaintiff as the caller on each of the calls falsely reporting emergency

situations which caused law enforcement to respond unnecessarily. Reigel reasonably believed that each element of the offense described in 18 Pa. Cons. Stat. §§ 4905 and 4906 had been committed by the caller reporting each incident. After Ms. Morris identified the plaintiff as the caller, Reigel had probable cause for her arrest.

Because the plaintiff was arrested pursuant to an arrest warrant, she must meet an additional burden to show that Reigel lacked probable cause. To establish that an officer lacked probable cause when an arrest is made pursuant to a warrant, as in this case, a plaintiff must show (1) that the officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for the warrant; and (2) that the statements or omissions were material or necessary to the finding of probable cause. Wilson, 212 F.3d at 786-87. The plaintiff has not alleged that Reigel either made false statements within the affidavit of probable cause or omitted information that created a falsehood, let alone that those misstatements or omissions were necessary to the finding of probable cause. Absent such allegations, no underlying constitutional violation is present, and thus the plaintiff's claims against Reigel, as well as her claims for supervisory and municipal liability under Monell, must fail as a matter of law.

The plaintiff contends that, after her arrest, she advised the defendants that Ms. Morris had previously pled guilty to harassing the plaintiff and the defendants did not act on this information.  After probable cause has been established, an officer is not required to conduct an investigation to validate the probable cause or to investigate any alibi asserted by the suspect prior to making the arrest.

The Court will also dismiss the plaintiff's claims for with prejudice for failure to state a claim on which relief can be granted.

   C.   Qualified Immunity

The defendants also argue that Sergeant Reigel is entitled to qualified immunity with respect to his actions in this case.  The Court agrees.  Qualified immunity shields government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Determining the application of the doctrine to police officers is a two-step inquiry, in which the court asks if the plaintiff has alleged facts indicating (1) that a constitutional right has been violated, and (2) that that right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (1998).  A

district court may answer the second question first.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).  The Court elects to do so and concludes that even if the plaintiff's constitutional rights were violated by Reigel's refusal to conduct an inquiry into Ms. Morris's reliability, that right was not clearly established.

> Given the information available to Reigel at the time of the arrest, any violation of the plaintiff's rights was not to rights that were "clearly established" at the time.  Absent "independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officer" at the time of the arrest, the identification of a suspect by a witness is sufficient to support a finding of probable cause.  Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000) (emphasis added).  The Court concludes that under the facts alleged by the plaintiff, Reigel's actions satisfy the standard of "objective legal reasonableness" required to entitle him to qualified immunity.  Showers v. Spangler, 182 F.3d 165, 172 (3d Cir. 1999).  The plaintiff does not allege that Reigel or any other law-enforcement officer was aware of the plaintiff's past with Ms. Morris at the time her arrest was effectuated.  Under the facts alleged, a reasonable officer in Reigel's position would have believed that probable cause existed for the plaintiff's arrest.  Thus, Reigel is also entitled to qualified immunity on the claims against him in his official capacity.

D. <u>State-Law Claims</u>

Because the dismissal of the plaintiff's Section 1983 claims eliminate the plaintiff's basis for asserting federal jurisdiction in the matter, the Court declines to retain jurisdiction over the remaining state-law claims asserted in the amended complaint, and dismisses those claims without prejudice.

A separate order follows.